Nelson, J.,
delivered the opinion of the Court.
This may be styled a bill of replevin; and if the power rested with us to determine whether a proper line of demarkation should be kept up between the different judicial tribunals, we would declare, without hesitation, that the jurisdiction of the County, Circuit and Chancery Courts, should be so regulated as to confine each within its appropriate sphere, and not to allow either to entertain concurrent jurisdiction with the other. But as it is our province to declare, and not to make the law, we are constrained to hold that the demurrer to the bill in this case, was as the law now stands properly disallowed. The bill was filed to enjoin the defendant from prosecuting an action of replevin, which he had brought against complainant for a mare; to cause the animal to be surrendered to her, and for general relief. One Bluford Venable, was, originally, a defendant, but having disclaimed in his answer, no decree was pronounced against him, and the case was brought here alone upon the appeal of William M. Rodgers. The demurrer is in exact accordance with the form of a general demurrer for want of equity, given in note 3, to Story’s Eq. PL, § 455, p. 494, 4th edition; and again set out in note 3 to § 483. In disallowing the demurrer, the Chancellor granted leave to insist on the same, or other grounds of the demurrer, in the'answer; *241 and it was insisted, in the answer, that the matter complained of, could be tried and determined at law, and that complainant is not entitled to any relief from a Court of equity. By the Code, sections 2865 and 2934, demurrers for formal defects are abolished, and those only, for substantial defects are allowed, and it is declared that all demurrers shall state the objection relied on. In Kirkman & Ellis v. Snodgrass, 2 Head, 372, it was held, that, by sections 4318 and 4319, the defendant can not avail himself of a want of jurisdiction in the Court, except he do so by plea or demurrer ; a*nd that, by section 4321, the filing of an answer is a waiver of objection to the jurisdiction of the Court, and that the cause shall not be dismissed, but heard and determined upon its merits, although the Court may be of opinion that the matters complained of, are of legal cognizance. This construction is also supported by section 4385. Sections 4386 and 4388 provide, among other things, that a bill may be dismissed on a motion,- or upon demurrer, “ for want of equity on its face,” but, construed in connection with the other sections, it is manifest that the intention was to require' the demurrer to specify in what the want of equity consists. In Story’s Eq. PI., § 455, demurrers are said to be general, when no particular cause is assigned, except the usual formulary, that there is no equity in the bill; and special, when the particular defects or objections are pointed out; but in the case under consideration, the particular defects or objections are not pointed out in the demurrer, either within the meaning of the Code or the general Chancery rule of practice.
*242 The vast number of witnesses usually examined upon the question of identity, in “horse causes” do not seem to have been marshalled in this; but the eleven witnesses examined in behalf of complainant, testifying, as they do, to the complainant’s ownership, and to their knowledge of the animal in controversy, by size, age and special marks, greatly outweigh the nine witnesses examined for the defendant, of whom only two seem to entertain any doubts of her identity. Indeed, the principal ground of defense relied upon seems to be, that the mare was captured by a few Federal soldiers, from some two or three persons dressed as rebel soldiers, said to belong to Morgan’s command, and to have been on their way to Kentucky; turned over to the Provost-Marshal, of Union County, and by him delivered, pursuant to some verbal or written order from the Provost-Marshal General of East Tennessee, to the defendant. On the other hand, it is shown very clearly, that the complainant was a widow, who, in the language of the witnesses, was in “hard circumstances;” that the mare was stolen from her, or taken by unlawful force; and even if it had been established in evidence that the soldiers of the United States had captured her in lawful war, a doubt might well arise, whether the Government acquired any better title than the original thief or trespasser. Goff v. Gott, 5 Sneed, 564; Arendale v. Morgan, lb., 712, 714; Gage v. Epperson, 2 Head., 671; Bright Fed. Dig., 843, No. 39. But we do not decide this question, as the evidence in this case fails to satisfy us that the alleged capture, itself, was a lawful act of war, or, if lawful, that the Provost Marshal had any authority to give, or did, in fact, give the animal in question to *243 the defendant. Merritt v. The Mayor and Aldermen of Nashville, 5 Cold., 98, 101. Branscom’s 'evidence on this point was objected to, and he was unable to state whether he acted under a verbal or written order from the Provost Marshal; and, although he thought he acted under a written order, he did not establish a sufficient search to let in parol evidence as to its contents.
On the whole, we are satisfied as to the correctness of the Chancellor’s decree, and order that it be affirmed with costs, and that the cause be remanded for an account, as he directed.